UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-22431-MGC

JOSE BERNABE TELLO, and all others similarly
situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

MENDEZ FUEL HOLDINGS LLC,
and MICHAEL MENDEZ,

    Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Mendez Fuel Holding LLC and Michael Mendez (hereinafter referred to as "Defendants"), through undersigned counsel, responds to the Complaint filed by Plaintiff Jose Bernabe Tello as follows:

1. Defendants admit that Plaintiff purports to bring this case under the Fair Labor Standards Act, 29 U.S.C. §§201-216, but deny that Plaintiff is entitled to any relief.

2. Defendants lacks sufficient knowledge or information to respond to the allegations set forth in Paragraph 2.

3. Defendants admit only that Mendez Fuel transacts business in Miami-Dade County. The remaining allegations of Paragraph 3 contain legal conclusions to which no response is required. To the extent that a response is required, the remaining allegations of Paragraph 3 are denied.

4. Defendants admit only that Michael Mendez is the owner of Mendez Fuel

Holdings, LLC. The remaining allegations of Paragraph 4 contain legal conclusions to which no response is required. To the extent that a response is required, the remaining allegations of Paragraph 4 are denied.

5. Defendants admit that Plaintiff's complaint purports to bring claims based on acts or omissions that allegedly occurred in Miami-Dade County, but deny that Plaintiff is entitled to any relief.

## COUNT I

6. Defendants admit only that Plaintiff purports to bring this case pursuant to the laws of the United States as a collective action under 29 U.S.C. 216(b). The remaining allegations of Paragraph 6 are denied.

7. The allegations of Paragraph 7 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 7 are denied.

8. Defendants admit that Plaintiff purports to quote 29 U.S.C.207(a)(1).

9. Denied.

10. The allegations of Paragraph 10 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 10 are denied.

11. The allegations of Paragraph 11 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 11 are denied.

12. Admitted.

13. The allegations of Paragraph 14 contain legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 13 are denied.

14. Denied.

15. Denied.

The allegations and prayers for relief in the Wherefore Clause are denied.

2

## AFFIRMATIVE DEFENSES

Defendants allege the following as separate affirmative defenses to Plaintiff's claim without assuming the burden of proof, where such burden is otherwise on the Plaintiff under applicable law. Defendants reserve the right to add additional affirmative defenses should they become aware of such during the course of discovery.

*First Affirmative Defense*

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted. The Complaint fails to set forth the employment agreement in relation to the wages to be paid to Plaintiff. In addition, the Complaint fails to set forth enough facts to support the claim that the alleged violations were intentional or committed with reckless disregard.

*Second Affirmative Defense*

Plaintiff is not similarly-situated to any other individual.

*Third Affirmative Defense*

Plaintiff's claim is barred in whole or in part by the *de minimis* doctrine, 29 C.F.R. § 785.47.

*Fourth Affirmative Defense*

Any claims for overtime compensation by Plaintiff, must be off-set by any premium compensation, overpayments, bonuses, compensatory time off, or other job-related benefits paid or provided to Plaintiff, including, a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

*Fifth Affirmative Defense*

Plaintiff's claim is barred in whole or in part by 29 U.S.C. §254, as to all hours during which Plaintiff was engaged in certain activities which were non-compensable, such as taking

breaks, taking care of his own personal business, or traveling to the Plaintiff's actual place of performance. In addition, the regular rate cannot be computed based upon, and overtime cannot be recovered, by Plaintiff for periods of time during which he performed no work, including, vacation and/or sick leave, worker's compensation leave, or otherwise was absent from the workplace during that week.

### *Sixth Affirmative Defense*

Plaintiff's claim is barred in whole or in part by 29 U.S.C. §259 because Defendants acted in good faith reliance upon and in conformity with, official written administrative regulations, orders, rulings, approvals, or administrative interpretations, practice or enforcement polices of the United States Department of Labor, Wage and Hour Division and had a reasonable, good faith basis for believing that they were not in violation of the FLSA.

### *Seventh Affirmative Defense*

Plaintiff's claim is barred in whole or in part by 29 U.S.C. §260 because any acts or omissions with regard to pay practices related to Plaintiff was taken in good faith upon a reasonable belief that such pay practices complied with the FLSA; accordingly, liquidated damages are not appropriate.

### *Eighth Affirmative Defense*

Plaintiff's claim should be offset by any amounts owed to Defendants, including but not limited to overpayments, loans that were not repaid, or other forms of unjust enrichment.

### *Ninth Affirmative Defense*

Plaintiff's claim is barred as to all hours allegedly worked of which Defendants lacked actual or constructive knowledge. Defendants have no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by Plaintiff as set forth in the Complaint, and

4

Rasco Klock Perez & Nieto, P.L., 2555 Ponce de Leon Blvd., Suite 600, Coral Gables, Florida 33134, Telephone: (305) 476-7100

Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiff as set forth in the Complaint.

*Tenth Affirmative Defense*

Plaintiff's claim is barred in whole or in part because Plaintiff failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

*Eleventh Affirmative Defense*

Plaintiff claim is barred, or limited, by the applicable statutes of limitations, including 29 U.S.C. §255(a).

**Dated:** July 10, 2018

Respectfully submitted,

Susan Elizabeth Klock, Esq., FBN 41294
RASCO KLOCK PEREZ NIETO
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, FL 33134
Ph: (305) 476-7100
Fax: (305) 476-7102

*Counsel for Defendant, Mendez Fuel Holding LLC*

By: _s/Susan E. Klock_____
Susan E. Klock

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 10, 2018, I have filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel and parties of record on the attached Service List either in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF or in

5

Rasco Klock Perez & Nieto, P.L., 2555 Ponce de Leon Blvd., Suite 600, Coral Gables, Florida 33134, Telephone: (305) 476-7100

some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Susan E. Klock*<br>
Susan E. Klock

## SERVICE LIST

**Via CMF/ECF Notice**

Jamie Harrison Zidell, Esq.
J.H. ZIDELL P.A.
300 71st Street, Suite 605 Miami Beach, Florida 33141 Tel. (305) 865-6766
Fax. (305) 865-7167
zabogado@aol.com

6

Rasco Klock Perez & Nieto, P.L., 2555 Ponce de Leon Blvd., Suite 600, Coral Gables, Florida 33134, Telephone: (305) 476-7100